[Crim. No. 339.   Department One.—November 29, 1897.]

## THE PEOPLE, Respondent, v. JOHN TAYLOR, Appellant.

CRIMINAL LAW—PLEADING—INFORMATION FOR FELONY—ABSENCE OF CONCLU-
SION CONTRA FORMAM STATUTI—MOTION IN ARREST OF JUDGMENT.—The
failure of an information for felony to allege that the acts which
constituted the felony were done "contrary to the force and effect
of the statute in such cases made and provided," no demurrer hav-
ing been interposed to the information upon that ground, does not
go to the jurisdiction of the court, nor disclose a failure to state
a public offense, and is not ground for a motion in arrest of judg-
ment.

APPEAL from a judgment of the Superior Court of Alame-
da County and from an order denying a motion in arrest of
judgment.   F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

R. B. Myers, and William H. O'Brien, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jackson,
Deputy Attorney General, for Respondent.

THE COURT.—This appellant complains that his motion in
arrest of judgment should have been granted.   The contention
is based upon an alleged defect in the information, wherein it
fails to allege that the acts done by appellant which constitute the
burglary were done "contrary to the force and effect of the stat-
ute in such cases made and provided."

No demurrer was interposed to the information, and under
those circumstances no defect appearing upon the face of the in-
formation can be considered, unless it bears upon the matter of
jurisdiction.   The defect in the information here relied upon
in no sense is jurisdictional, neither does it disclose a failure to
state a public offense, and for these reasons the motion to arrest
the judgment was properly denied.

The judgment is affirmed.

Hearing in Bank denied.